NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent, for my colleagues have converted fact into law and ignored the findings of the district court as well as the agreed and undisputed facts, and misapplied the rules of incorporation by reference. The consequence is that the disclosure in the “grandparent” ('373) patent is held by this court to “anticipate” and thereby invalidate the “grandchild” ('319) patent that contains the text of the '373 patent.
The pretrial order stated, and it is not disputed, that the '373 patent “discloses each and every element of the claims of the '319 patent.” The district court stated that “[c]laim 7 of the '319 patent, at issue in this case, is agreed by the parties to be completely disclosed by [the '373 patent].” Zenon Environmental, Inc. v. United States Filter Corp., No. 03CV1996-B (S.D. Cal May 4, 2005), slip op. at 2. The parties agree that the subject matter of claim 7 appears in the '373 specification, the appellant’s brief stating: “The parties agree that the '373 patent and '083 patent, the first two patents in the family chain, disclose the gas distribution system of the '319 patent,” and the appellee’s brief stating: “It is undisputed that the '319 patent discloses the gas distribution system of the '373 patent.” In all of the patents the distribution system is described whereby gas flows from the base of the skein through passages in the skein.
The continuity from the '373 application was preserved through several continuing applications and divisionals, which claim various aspects of the evolving invention. 35 U.S.C. § 120 provides that continuity with previously filed applications is established
*1383 ... if filed before the patenting or abandonment of or termination of proceedings on the first application or on an application similarly entitled to the benefit of the filing date of the first application and [contains],a specific reference to the earlier filed application.
It is not disputed that the requirements of overlapping pendency and specific reference to the earlier filed application were met. The '319 patent sets forth the chain of copending applications back to the '373 patent; the specification of the '319 patent stating, in the “Cross-Reference to Related Applications”:
This application is a continuation of Ser. No. 09/507,438, filed Feb. 19, 2000 issued as U.S. Pat. No. 6,294,039; which is a division of Ser. No. 09/258,999, filed Fed. 26, 1999, issued as U.S. Pat. No. 6,042,-677; which is a division of Ser. No. 08/896,517, filed Jun. 16, 1997, issued as U.S. Pat. No. 5,910,250; which is a continuation-in-part application of Ser. No. 08/690,045, filed Jul. 31, 1996, issued as U.S. Pat. No. 5,783,083 which is a non-provisional of provisional application Ser. No. 60/012,921 filed Mar. 5, 1996 and a continuation-in-part of Ser. No. 08/514,119, filed Aug. 11, 1995, issued as U.S. Pat. No. 5,639,373. The disclosure of all the patents and applications listed above are hereby incorporated by reference thereto as if fully set forth herein.
'319 patent, col. 1, lines 8-21. The intervening '250 patent contains the specific incorporation by reference clause here at issue:
The vertical skein is not the subject matter of this invention and any prior art vertical skein may be used. Further details relating to the construction and deployment of a most preferred skein are found in the parent U.S. Pat. No. 5,639,373, and in Ser. No. 08/690,045, the relevant disclosures of each of which are included by reference thereto as if fully set forth herein.
'250 patent, col. 2, lines 30-36. The district court concentrated on the “construction and deployment”' portion of this clause, in response to the defendant’s argument that continuity of disclosure was lost by that clause of the '250 patent.
Although the panel majority agrees that the grandparent '373 patent “discloses each and every element of the claims of the '319 patent,” maj. op. at 1377, my colleagues rule, as a matter of “law,” that the '373 patent invalidates the '319 patent. The subject matter on which the majority focuses is clause (d) of claim 7 of the '319 patent:
[7](d) a gas distribution system having through-passages through the lower header to discharge bubbles into the substrate above the lower header.
The panel majority holds that claim 7 is invalid because the same gas distribution system is described in the '373 patent, but the full text of the '373 patent was not reproduced in all of the intervening patents, but in part incorporated by reference. Contrary to the findings of fact of the district court, the panel majority finds that the incorporation clause in the '250 patent, supra, broke the continuity of disclosure.
This defense was presented to the district court, the defendant arguing that it was not sufficiently clear whether the words of incorporation embraced all of the elements of the grandparent '373 patent and the grandchild '319 patent, and particularly the gas distribution through the skein. The district court held an evidentiary hearing to determine what a person of ordinary skill in the field of the invention would understand from the clause incorporating the “details relating to the construction and deployment of a most preferred skein.” See Advanced Display *1384 Systems, Inc. v. Kent State University, 212 F.3d 1272, 1282 (Fed.Cir.2000) (“the standard of one reasonably skilled in the art should be used to determine whether the host document describes the material to be incorporated by reference with sufficient particularity”); U.S. Steel Corp. v. Phillips Petroleum Co., 865 F.2d 1247, 1251 (Fed.Cir.1989) (a patent’s specification “is to be understood for what it meant to one having ordinary skill in the art at the time the application was filed”).
The question of what material would be understood as incorporated is a question of fact, on which the district court made extensive findings, including:
[A] gas distribution system is clearly related — intimately—to the construction and deployment of the skeins described in the '373 patent. [Zenon, slip op. at 5.]
The incorporation by reference to “details relating to the construction and deployment of the skeins” disclosed in the '373 patent and the application for the '083 patent would be readily understood by a person of ordinary skill in the art to involve a gas distribution system. [Id. at 5-6.]
[A] person of ordinary skill would have little or no interest in any disclosures of the '373 patent other than all disclosures relating to the construction and deployment of the skeins shown in the '373 patent, and of course the gas distribution system is the “elephant in the room” of relevancy for those disclosures. [Id. at 6.]
[Zenon] showed how clearly anything in the disclosures which related to the construction and deployment of a preferred skein would be understood by a person of ordinary skill, and [at the] top of the list would be the gas distribution system. [Id.]
No witness testified that a gas distribution system did not relate to the construction and deployment of a skein.... [Id.]
[T]he relevance of the gas distribution system disclosures in the '373 patent cannot be missed, since the '250 patent discloses in part the coarse bubble gas scrubbing system which takes over from the completion of the service of the conversion baffles which deliver course bubbles to the skein for cleansing the fibers there above. [Id. at 8.]
[T]he reference to “details relating to the construction and deployment of a most preferred skein” clearly and specifically direct a person of ordinary skill to the gas distribution system of '373, which is thus incorporated by reference in the'250. [Id.] .
The district court referred to the burden of proof, as the court found that continuity of disclosure was preserved from the '373 patent to the '319 patent:
[A]lthough not plaintiffs burden, the Court finds the incorporations by reference are fully informative to a person of ordinary skill, and that they permit the transfer of all disclosures of the '373 patent which cover claim 7 of the '319 patent to flow through all intermediary patents to the '319. [Id. at 5.]
The court also observed that the incorporation was reviewed by the patent examiner. This administrative finding carries the deference required by the Administrative Procedure Act. See Dickinson v. Zurko, 527 U.S. 150, 152, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999). My colleagues ignore the administrative findings, as they ignore the district court.
The district court found:
[T]he Court finds the incorporations by reference are fully informative to a person of ordinary skill, and that they permit the transfer of all disclosures of the *1385 '373 patent which cover claim 7 of the '319 patent to flow through all intermediary patents to the '319. [Zenon, slip op. at 5.]
The panel majority does not review the district court’s findings, and instead announces that this is a matter of “law.” However, the question of what would be “reasonably conveyed to a person skilled in the relevant art,” is a classical question of fact. Bilstad v. Wakalopulos, 386 F.3d 1116, 1126 (Fed.Cir.2004). Indeed, this court has explained that we are “not permitted to make” such fact findings:
[A] resolution of the question of whether Bilstad’s disclosure of manipulation in a small number of directions would reasonably convey to a person skilled in the relevant art that Bilstad had possession of manipulation in a plurality of directions as of his filing date requires fact findings this court is not permitted to make.
Id. at 1126 (emphasis added).
The question of what technology is included in the incorporation clause, as it would be understood by a person of ordinary skill in the field of the invention, was resolved by the district court, in findings that have not been shown to be clearly erroneous. These highly factual questions are not rules of law; they are the facts to which 35 U.S.C. § 120 is applied. Cf. Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 735 (Fed.Cir.1988) (“the district court’s view of the legal effect of the fact pattern before it is not to be lightly disregarded”).
My colleagues also criticize the specificity of the incorporation clause in the '250 patent. However, this clause is not distinguishable in specificity from that ratified in Cook Biotech, Inc. v. Acell, Inc., 460 F.3d 1365 (Fed.Cir.2006), where the incorporation clause was as follows:
The preparation of UBS from a segment of urinary bladder is similar to the procedure for preparing intestinal submuco-sa detailed in U.S. Patent No. 4,902,508 the disclosure of which is expressly incorporated herein by reference.
Id. at 1376. The only difference in the specificity of the incorporation in the '250 patent, and the traditional incorporation text, is the uncertainty brought by the court to this routine practice. Incorporation by reference is a routine expedient of patent drafting. The district court’s finding that a person of ordinary skill in the field of the invention would understand what is included in the incorporated subject matter, ends the inquiry.
The issue in this case is simple. The issue is not whether the invention claimed in the '319 patent could have been claimed in the '373 grandparent; nor is the issue one of priority as against a competing claimant; nor is the applicant reaching out for a broad incorporation of background technology from unspecified parts of unrelated publications. Here, the applicant simply invoked the expedient of incorporating a prior disclosure in a chain of applications on the same subject matter. The gas distribution system described in the '319 patent is the same as that of the '373 patent, with continuity of disclosure that includes an incorporation by reference.
The panel majority’s holding casts doubt on the reliable use of this expedient, lest an earlier patent become an invalidating reference against its successors in the chain of filings. The majority’s rejection of the factual foundations of incorporation by reference and creation of a new area of de novo appellate authority, raise new risks of patent drafting. The apparent requirement that all subject matter must *1386 be reproduced in all continuing applications adds nothing to the knowledge disclosed to the public, adds nothing to the information provided to the patent examiner, and adds nothing to compliance with 35 U.S.C. § 120; it simply adds costs and pitfalls to inventors, as they attempt to walk new judicial tightropes,